# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Texas ▼

| | |
|---|---|
| Nicholas A. Usler, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:21-cv-00447-RP |
| Vital Farms, Inc. ) | |
| ) | (If the action is pending in another district, state where: ) |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   People for the Ethical Treatment of Animals, Inc. ("PETA"), 501 Front St., Norfolk, VA 23510-1009

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A (Attached)

| Place: First Legal Records c/o Desert Eagle Investigations LLC 1050 Temple Ave., #224, Colonial Heights, VA 23834 (877) 591-9979 | Date and Time:  12/19/2022 1:07 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/18/2022

*CLERK OF COURT*

OR

_____     /s/ Alyssa Sones
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant, Vital Farms, Inc.
_____, who issues or requests this subpoena, are:

Alyssa Sones, Sheppard, Mullin, Richter, & Hampton, 1901 Avenue of the Stars Suite 1600
Los Angeles, California 90067 310-228-3749, asones@sheppardmullin.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00447-RP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A:

# DOCUMENT REQUESTS

## DEFINITIONS

1. "VITAL FARMS," as used herein, shall mean and refer to Defendant, Vital Farms, Inc.

2. "YOU," "YOUR," and "PETA," as used herein, shall mean and refer to the People for the Ethical Treatment of Animals, Inc. as well as all of its affiliates, parents, divisions, joint ventures, licensees, franchisees, agents, assigns, predecessors and successors in interest, and any other legal entities that are owned or controlled by People for the Ethical Treatment of Animals, Inc., or that have acted on its behalf, and all predecessors and successors in interest to such entities; for the avoidance of doubt, these related entities include but are not limited to the PETA FOUNDATION.

3. "PETA FOUNDATION," as used herein, shall mean and refer to the Foundation to Support Animal Protection d/b/a "PETA Foundation."

4. "HEN" or "HENS," as used herein, shall mean and refer to female chickens who have reached the age of 18 weeks or have started to lay eggs.

5. "EGG" and "EGGS," as used herein, shall mean and refer to eggs laid by HENS.

6. "HATCHERIES," as used herein, shall mean and refer to a facility or operation at which chicks are born.

7. "BEAK TRIMMING," as used herein, shall mean and refer to the practice of removing the very tip of HENS' beaks in order to protect them from hurting each other.

8. "CULLING," as used herein, shall mean and refer to the practice of euthanizing male chicks at HATCHERIES.

9. "DOCUMENT" incorporates the full meaning of Federal Rule of Civil Procedure 34, and includes, without limitation, all written, graphic or otherwise recorded material, including without limitation electronically stored information regardless of the form of storage

medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, correspondence, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements, telephone bills, logs, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing that differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form.

10. "COMMUNICATION" as used herein, shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications.

## INSTRUCTIONS

11. Each Document Request in this Exhibit A shall be answered pursuant to and in the manner prescribed by Rules 26, 34, and 45 of the Federal Rules of Civil Procedure.

12. YOU are to search all hardcopy and electronic documents or things within YOUR possession, custody or control, wherever located, including any document or thing placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on YOUR behalf (whether located at his/her residence or place of business), in order to fully respond to the requests.

-4-

13. It is YOUR duty in answering these requests to conduct a reasonable investigation so that YOU disclose and produce all available responsive and non-privileged documents.

14. For each item or category in a request, the response must either state that production will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.

15. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

16. If YOU withhold from production any of the requested documents on the basis of a claim of attorney-client privilege or work product immunity, YOU must provide a log sufficient to establish the factual and legal basis for any such claim.

17. Documents that are under YOUR control must be produced, even though they are in the possession of an employee, related entity, principal, or agent, such as an accountant, attorney, subsidiary, parent company, operating company, or other person from whom YOU have a right to retrieve the documents, including but not limited to the PETA FOUNDATION.

18. If YOU find the meaning of any term in these discovery requests to be unclear, YOU should assume a reasonable meaning, state what that assumed meaning is and respond to the request on the basis of that assumed meaning.

19. If any request herein requires the production of documents that are no longer in YOUR actual or constructive possession, custody, or control or which have been destroyed or lost, then in lieu of production, YOU shall state or identify the title of the document, the author of the document, each person to whom or by whom a copy of the original of the document was delivered, forwarded, or has been received, the date of the document, and the general subject

matter of the document. In the event YOU claim that information contained other than in documentary form is no longer in YOUR actual or constructive possession, custody, or control or has been destroyed or lost, YOU shall state or identify the nature of the information, the creator of the information, the person to whom the information was or was to be forwarded, delivered or for whom it was prepared, the date of the creation of the information, the identity of any person(s) with knowledge of the information, and the manner in which the information has been memorialized, if at all.

20. In any instance where documents, data, or information requested herein is stored on a computer, a computer hard drive, a computer mainframe, computer back-up tape, or in any other electronic format, YOU shall produce the data, information, or documents on CD ROM, DVD, external hard drive, thumb drive or other computer-readable medium. All documents must be produced as an image load file (.OPT) along with a delimited metadata file (.DAT), containing single-page Group IV compression TIFF images for all documents, except spreadsheets and documents that cannot be imaged shall be produced as native documents with a TIFF-image placeholder, along with the extracted text and relevant metadata identified. Each image shall have a unique file name, identical to the Bates number of the document. Document-level text files shall contain the Bates number of the first page of the document as the name of the text file. Spreadsheets and documents that cannot be imaged shall be produced as native documents with a TIFF-image placeholder, along with the extracted text and relevant metadata identified.

21. YOU are under a continuing obligation to respond to the requests set forth herein. Accordingly, if YOU subsequently gain actual or constructive possession, custody, or control of any document called for in the requests set forth herein that has not been produced to VITAL

FARMS, YOU must produce such document to VITAL FARMS as soon as possible or provide a written explanation to VITAL FARMS as to why YOU will not produce the document.

22. The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests.

23. For the avoidance of doubt, these requests are not and shall not be interpreted to demand production of documents or information that are properly protected by the attorney-client privilege or attorney work product doctrine.

## DOCUMENTS DESIGNATED FOR PRODUCTION

1. All DOCUMENTS and COMMUNICATIONS concerning, constituting or reflecting any tactics or strategies YOU have employed, participated in, or provided assistance in to dissuade consumers from buying or eating EGGS.

2. All DOCUMENTS and COMMUNICATIONS concerning, constituting or reflecting any studies YOU have conducted, funded, participated in, or provided assistance in to dissuade consumers from buying or eating EGGS.

3. All DOCUMENTS and COMMUNICATIONS concerning, constituting or reflecting any studies YOU have conducted, funded, participated in, or provided assistance in regarding EGG production.

4. All DOCUMENTS and COMMUNICATIONS concerning, constituting or reflecting any analyses YOU have conducted, funded, participated in, or provided assistance in concerning consumer preferences regarding EGGS.

5. All DOCUMENTS and COMMUNICATIONS concerning, constituting or reflecting any studies YOU have conducted, funded, participated in, or provided assistance in regarding consumers' beliefs or preferences about the treatment of chickens.

6. All DOCUMENTS and COMMUNICATIONS concerning, constituting or reflecting any studies YOU have conducted, funded, participated in, or provided assistance in regarding consumers' beliefs or preferences about advertising, marketing, or labeling of EGGS using the terms "ethical" and/or "humane."

7. All DOCUMENTS and COMMUNICATIONS concerning, constituting, or reflecting any analyses, studies, or surveys YOU have conducted, funded, participated in, or provided assistance in concerning EGG pricing in the United States.

8. All DOCUMENTS and COMMUNICATIONS concerning VITAL FARMS.

9. All DOCUMENTS and COMMUNICATIONS concerning, constituting, or reflecting farm conditions for raising HENS for the purposes of EGG production in the United States.

10. All DOCUMENTS and COMMUNICATIONS concerning, constituting, or reflecting HATCHERY conditions in the United States.

11. All DOCUMENTS and COMMUNICATIONS concerning, constituting, or reflecting the use of CULLING or BEAK TRIMMING in the EGG production industry in the United States.

-1-

## EXHIBIT B

## CERTIFICATION OF CUSTODIAN

I am an authorized Custodian of Records for People for the Ethical Treatment of Animals, Inc. and I am authorized to certify the enclosed records. I hereby certify and state that:

> These records were reproduced in my presence or at my direction. These records were prepared in the ordinary course of business by authorized personnel. A careful search for all relevant records has been made by me or under my direction, and produced in accordance with the attached subpoena. Therefore, these records constitute all the records of said individuals and/or entities described above.

I hereby certify and declare under the penalty of perjury that the above described facts are true and correct to the best of my personal knowledge.

COMMENTS: _____

_____

_____

_____

_____

By:

Signature: _____     Date: _____

Name (Printed): _____

Title: _____

Company: _____