# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICHOLAS USLER, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Case No. 1:21-cv-00447-RP |
| | § | |
| VITAL FARMS, INC., ET AL., | § | |
| | § | |
| Defendants | § | |

## JOINT RULE 26 REPORT

The Parties, Nicholas A. Usler, Jon Evans, Andrew Andrada, Hannah Vossen, Noah Tanz,

Kenny Kierman, Charles Sankowich, Burcu Karaca, and Kara Gozde ("Plaintiffs") and Vital

Farms, Inc. ("Defendant"), through their undersigned counsel, have met and conferred regarding

the issues set forth in Fed. R. Civ. P. 16(b) and 26(f) and Local Rule CV-16 and submit this

Report to the Court.

      1.     What are the causes of action, defenses, and counterclaims in this case? What are
the elements of the cause(s) of action, defenses, and counterclaims pled?

> Plaintiffs:
> Plaintiffs have alleged claims, on behalf of Plaintiffs and classes of
> similarly situated persons, for (a) breach of express warranty under
> Texas law; (b) common law fraud and fraud by omission under Texas
> law; and (c) deceptive trade practices under the laws of Texas,
> California, Florida, Michigan, and New York.

> Defendant:
> At this stage of the litigation, Defendant challenges all of Plaintiffs'
> material factual allegations and legal theories. Plaintiff previously
> alleged claims against various individuals, who were dismissed by the
> Court pursuant to Rule 12(b)(6) and accordingly those claims no longer
> exist in this case.

      2.     There are no outstanding jurisdictional issues.

3.       Defendant has been served.

4.       Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

> The Parties have not engaged in any discovery to date but as the case progresses will meet and confer regarding the possibility of stipulating to any facts or elements of any of the causes of action.

5.       Are there any legal issues in this case that can be narrowed by agreement or by motion?

> Plaintiffs:
> To the extent that information obtained through discovery supports it, and subject to Rule 15, Plaintiffs intend to amend in due course and add back into the case certain individual defendants that the Court previously dismissed because in the initial Complaint, Plaintiffs had not pled sufficient facts to identify those individuals' roles in the wrongdoing alleged, but Plaintiffs believe that discovery will allow them to do so and the proposed schedule provides a date certain for the right to amend with sufficient time for new defendants to challenge any amended complaint.

> Defendant:
> Defendant anticipates that, following discovery, certain factual issues will be undisputed and/or may be properly stipulated to by the parties. As a result, Defendant anticipates that it may file a motion for summary judgment or summary adjudication following discovery. However, it is premature at this time to commit to the grounds for such a motion, as discovery has not commenced.

> During the meeting of counsel Plaintiffs' counsel asserted that they would seek to take discovery relating to now-dismissed individual defendants. As no leave to amend was granted by the Court when it dismissed the individual defendants, Defendant may seek a protective order regarding this issue. In any event, Plaintiffs propose an unworkable deadline to seek to rename defendants at the tail end of the first phase of discovery, just prior to class certification proceedings, depriving any newly-named or renamed parties (if successful) with no ability to take discovery. A deadline for amendment of the pleadings should be no more than two months after the Rule 26(f) meeting of counsel (which occurred on April 25), to allow any new parties to fully participate in the discovery process.

6.       Are there any issues about preservation of discoverable information?

While discovery has not yet commenced, the Parties are not aware of any issues regarding the preservation of discoverable information.

7.    Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced, and will production include metadata?

Discovery in this case will involve the production and review of primarily standard forms of electronically stored information ("ESI"). To the extent it becomes necessary the Parties will seek to reach agreement regarding a protocol for the handling, forms, and production of ESI. Production of ESI may include metadata when reasonably available or otherwise agreed upon by the parties.

8.    What are the subjects on which discovery may be needed?

<u>Plaintiffs</u>:
Plaintiffs expect to seek discovery from Defendant, and certain third parties, concerning the allegations in the Complaint. That discovery will generally concern the parties' claims and defenses.  In particular, Plaintiffs will seek discovery that is calculated to elicit evidence sufficient to satisfy Plaintiffs' burden to prove Defendant's liability under the claims alleged, to rebut any of Defendant's affirmative defenses, and to establish that the action should be certified as a class action under Rule 23(a) and 23(b)(3).

Plaintiffs note that none of their claims has been dismissed by this Court, only certain individual defendants. To the extent that information obtained through discovery supports it, and subject to Rule 15, Plaintiffs intend to amend in due course and add back into the case certain individual defendants that the Court previously dismissed.

Plaintiffs believe that there will be significant overlap between class certification and merits discovery, and therefore propose a modified bifurcated discovery schedule wherein discovery on Plaintiffs' and the putative Class's alleged damages will occur following the Court's ruling on class certification, but all other discovery will proceed now.

<u>Defendant</u>:
Defendant anticipates that it will take discovery relevant to Plaintiffs' remaining claims and alleged damages, to support Defendant's affirmative defenses, and to establish that the action should not be certified as a class action under Rules 23(a) and 23(b)(3).  Defendant opposes discovery based upon claims already dismissed by the Court unless they directly impact the pending claims or defenses. Defendant anticipates significant third party discovery.

Defendant proposes that discovery be limited in the initial phase to that which is reasonably needed for class certification briefing and ruling, recognizing that such discovery will have some overlap with merits.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

Initial disclosures have not been made. They will be made pursuant to the proposed, agreed-upon schedule set forth below. The Parties do not believe that any changes to the timing, form, or requirement for initial disclosures are necessary.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

No discovery has yet been completed. The Parties believe that discovery should be bifurcated as described in the proposed schedules below.

11. What, if any, discovery disputes exist?

Plaintiffs:
The parties disagree as to the appropriateness of Plaintiffs seeking discovery on the three individuals who were previously dismissed. Plaintiffs will seek reasonable third-party discovery against the dismissed individual defendants to establish that Plaintiffs have viable claims against them. Plaintiffs intend to seek this discovery promptly. Plaintiffs contend that they are entitled to take discovery to establish claims as against these individuals.

Defendant:
Defendant objects to Plaintiff proceeding with discovery relating to the dismissed claims and dismissed individual defendants for purposes of seeking to amend to add them back in. Indeed, Plaintiffs' proposed deadline for amendment to add parties is at the end of the first phase of discovery, realistically allowing no time, if successful, for any new parties to participate in the discovery process. That timing would also prevent any additional defendants from even having a motion to dismiss heard prior to class certification proceedings.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

The Parties may seek to enter into an agreed-upon stipulation regarding

the provisions of Federal Rule of Evidence 502, depending on how the factual issues progress during the matter

13.    Have the parties discussed early mediation?

Plaintiffs:
Plaintiffs believe that a Court-ordered early mediation could be beneficial because, first, the facts related to the alleged misrepresentations are largely undisputed as they exist in the public domain and in the packaging for Defendant's eggs, and the same misrepresentations that are challenged are continuing. Second, from a financial perspective, Defendant has been suffering substantial financial declines. Its stock has declined by approximately 50% since Plaintiffs first sent their DTPA demand letter, and Defendant has made no or nominal profits in that time. Given the material decline in Defendant's financial position, Plaintiffs believe that early mediation is appropriate.[1]

Defendant:
Defendant does not believe an early mediation would be fruitful and believes that an early mediation could reduce the odds of a successful mediation when the case is more developed. Plaintiffs' reference to the share price of Defendant's stock is absurd and is not productive if they wish to entice Defendant to attend a mediation. Plaintiffs have essentially challenged Defendant's business model and ethics, and Vital Farms looks forward to defending its practices in Court.  Plaintiffs are openly assisted in this case by the PETA Foundation, an entity that exists to provide services to PETA, which opposes eating eggs.[2].

14.    Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

Plaintiffs:
With regard to Defendant's desire for the entry of a confidentiality and protective order, Plaintiffs believe that the Court's standard confidentiality and protective order will be sufficient for the Parties in this case.[3]

---

[1] Plaintiffs believe that Defendant's reference here to counsel employed by the Foundation to Support Animal Protection (d/b/a "PETA Foundation") is unduly antagonistic and irrelevant, as the PETA Foundation and People for the Ethical Treatment of Animals, Inc. ("PETA") are distinct corporate entities and PETA, Inc. is not involved in this lawsuit.

[2] The PETA Foundation was formed "to provide general and administrative support services to PETA…including accounting and legal services…"etc. See petafoundation.org .  PETA further describes the relationship between PETA and the PETA Foundation as "two separate entities that work very closely together, **one couldn't operate without the other**." (Emphasis added). See https://www.peta.org/about-peta/work-at-peta/#:~:text=PETA%20and%20the%20PETA%20Foundation%20are%20two%20separate,us%20out%20on%20Instagram%20%2C%20LinkedIn%2C%20and%20Twitter .

[3] Once again, Plaintiffs believe that Defendant's reference to counsel employed by the PETA Foundation, and

Defendant:

Defendant proposes that the parties file a confidentiality and protective order covering production of documents that are sensitive as either "attorneys' eyes only" or "confidential," with the terms of that order to be agreed by the parties based on the form approved by the Court and submitted to the Court for approval. Given the number of plaintiffs named and the difficulty in maintaining confidentiality with so many individuals, the use of Appendix H-2 with an "attorneys' eyes only" designation is appropriate here. Further, that designation should be modified to limit disclosure to the Edmundson Shelton Weiss PLLC and the Blackner Stone Assocs. law firms. PETA and its captured services provider the PETA Foundation are not law firms and have a social advocacy mission to publicly dissuade people from eating eggs, creating the opportunity for sensitive information disclosed in litigation to be used collaterally to advance PETA's anti-egg stance. Accordingly, a restricted and sparingly-used "attorney's eyes only" designation is appropriate here. These issues are better addressed in the context of an actual motion for protective order than in this joint scheduling report. .

15. The Parties' proposals regarding the other matters contemplated by the Scheduling Order form (Appendix B to the Local Rules) are as follows:

    a. The parties shall complete ADR in compliance with Rule CV-88, subject to any timely motion objecting to the same.

    b. Plaintiffs shall submit a written offer of settlement to defendant two weeks prior to the ADR procedure selected under CV-88 and defendant shall respond in writing one week prior to the selected ADR procedure.

    c. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 30 days after receipt of the written report of the expert's proposed testimony, or not later than 21 days after the expert's deposition, if a deposition is taken, whichever is later. An expert who provides testimony in connection with class certification may be challenged under Rule 702 in connection with that proceeding and may be challenged under Rule 702 if a report under Rule 26(a)(2)(B) is later provided and/or any

---

suggestion that a protective order may appropriately exclude counsel of record from receiving "attorneys' eyes only" documents, is highly offensive. PETA Foundation counsel's motion for admission pro hac vice was granted by the Court, and as reflected therein PETA Foundation counsel is an active member in good standing with the New York bar. Plaintiffs believe that any concerns Defendant may have are adequately addressed by the definition of "Qualified Persons" found in the Court's standard confidentiality and protective order, and could not justify the extreme prejudice of depriving Plaintiffs the full benefit of counsel of record.

testimony is proposed to be utilized at trial.

Plaintiffs' Proposed Schedule:

| Event | Date |
|---|---|
| Rule 26(a)(1) disclosures due and discovery on all matters except for Plaintiffs' damages commences | 1 week after Rule 16 conference |
| Close of initial discovery period | 240 days after commencement of discovery |
| Amend complaint/Add parties | 8 weeks before close of initial discovery period |
| Class certification motion and identification of Plaintiffs' class certification Experts | 8 weeks after the close of initial discovery period |
| Completion of depositions of Plaintiffs' class certification experts | 11 weeks after the close of initial discovery period |
| Class certification opposition brief and identification of Defendant's class certification experts | 13 weeks after the close of initial discovery period |
| Completion of depositions of Defendant's class certification experts | 16 weeks after close of initial discovery period |
| Class certification reply brief | 6 weeks after completion of depositions of Defendant's class certification experts |
| Commencement of discovery on Plaintiff's actual class damages | 2 weeks after order on class certification |
| Close of discovery on Plaintiffs' actual class damages | 90 days after order on class certification |

| Opening merits expert reports due | 90 days after close of discovery on Plaintiffs' actual class damages |
|---|---|
| Responsive merits expert reports due | 30 days after opening merits expert reports due |
| Rebuttal expert reports due | 30 days after responsive merits expert reports due |
| Summary judgment motions due | three weeks after rebuttal expert reports due |
| Responses to summary judgment due | three weeks after summary judgment motions due |
| Expert challenges replies and summary judgment replies due | two weeks after responses to summary judgement due |

Defendant's Proposed Schedule:

| Event | Date |
|---|---|
| Rule 26(a)(1) disclosures due and discovery on all matters except for Plaintiffs' damages commences | 1 week after Rule 16 conference |
| Initial discovery period to be limited to matters reasonably necessary for class certification proceedings and ruling. | 240 days after commencement of discovery |
| Last day to amend complaint/add parties | 8 weeks after Rule 26(f) meeting of counsel (which occurred on April 25, 2022) |
| Last day for Plaintiffs to file a Class certification motion and identification of Plaintiffs' class certification Experts | 6 weeks after the end of initial discovery |

| | period |
|---|---|
| Completion of depositions of Plaintiffs' class certification experts | 9 weeks after the end of initial discovery period |
| Class certification opposition brief and identification of Defendant's class certification experts | 14 weeks after the end of initial discovery period |
| Completion of depositions of Defendant's class certification experts | 17 weeks after end of initial discovery period |
| Class certification reply brief | 23 weeks after the end of initial discovery period |
| Commencement of second discovery period not limited to class certification matters. | 2 weeks after order on class certification |
| Close of discovery on second discovery period. | 2 months after order on class certification |
| Last day to serve Rule 26(a)(2)(B) expert reports | Three months after close of post-certification discovery |
| Rebuttal expert reports due. | 1 month after opening merits expert reports due |
| Summary judgment motions due | three weeks after rebuttal expert reports due |
| Responses to summary judgment due | Five weeks after summary judgment motions due |
| Summary judgment replies due | Three weeks after responses to summary judgment due |

Respectfully submitted,


/s/    *Jesse Z. Weiss*
Jesse Z. Weiss
Texas State Bar No. 24013728
Ryan Shelton
Texas State Bar No. 24037484

EDMUNDSON SHELTON WEISS PLLC
317 Grace Lane, Suite 210
Austin, Texas 78746
Tel:  (512) 596-3058
Email:  jesse@eswpllc.com
      ryan@eswpllc.ocm


—And—

Richard L. Stone, admitted *pro hac vice*
BLACKNER STONE & ASSOCS.
609 South Beach Road
Jupiter Island, Florida 33469
Tel:  (561) 804-9569
Email: rstoneesq@rstoneesq.com


—And—

Asher Smith, admitted *pro hac vice*
PETA Foundation
1536 16th Street, NW
Washington, DC 20036
Tel:  (202) 483-7382
Email: AsherS@petaf.org

**ATTORNEYS FOR PLAINTIFFS**


/s/ *Dwight M. Francis*
DWIGHT M. FRANCIS
Texas Bar No. 00785877
AIMEE C. OLESON
Texas Bar No. 24036391
SHEPPARD, MULLIN, RICHTER &

HAMPTON LLP
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
dfrancis@sheppardmullin.com
aoleson@sheppardmullin.com

P. CRAIG CARDON
(*pro hac vice pending*)
JAY T. RAMSEY
(*pro hac vice pending*)
ALYSSA SONES
(*pro hac vice pending*)
1901 Avenue for the Stars, Suite 1600
Los Angeles, California 90067
Tel. (310) 228-3700
Fax (310) 228-3701
ccardon@sheppardmullin.com
jramsey@sheppardmullin.com
asones@sheppardmullin.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of May 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jesse Z. Weiss*
Jesse Z. Weiss